OHIO APPELLATE REPORTS.        39

App.]        Mansfield Pub. Util. & Serv. Co. *v.* Wolfe.

THE MANSFIELD PUBLIC UTILITIES & SERVICE CO.
*v.* WOLFE.

*Negligence — Street railroad — Premature starting of car — Passenger injured in alighting — Contributory negligence — Charge to jury.*

Contributory negligence can not be charged against a street car passenger who was thrown and injured by the premature starting of the car from which he was attempting to alight at a regular stop for the discharge of passengers.

(Decided January 10, 1919.)

ERROR: Court of Appeals for Richland county.

*Messrs. McBride & Wolfe,* for plaintiff in error.

*Messrs. Mabee & Anderson,* for defendant in error.

HOUCK, J. This case comes into this court on errors alleged to have been committed in the trial of the case in the common pleas court. The parties here stand in an order the reverse of that occupied in the court below.

The plaintiff below, Sue Wolfe, set forth in her petition that on the 26th day of February, 1917, she was a passenger on the cars of plaintiff from Shelby to Mansfield, Ohio; that it was customary for passengers to alight from said cars just north of where the tracks of the Erie railroad cross Springmill street in the city of Mansfield; and that while attempting to alight from said car, and while upon the steps of said car and about to step down therefrom on the street, the defendant's servants and agents who were in charge of the car, negli-

gently and without any notice or warning whatever, started the same suddenly forward, thereby throwing plaintiff violently to the pavement, and, as a result, breaking her arm and causing her other injuries from which she suffered pain, etc. Plaintiff prayed damages in the sum of $5,000.

The defendant answered, being in the nature of a general denial, and for a second defense alleged that plaintiff was guilty of contributory negligence, which was the cause of her injuries, if any she received.

The plaintiff filed a reply in which she denied the charge of contributory negligence. Upon the issues thus raised trial was had and a verdict in favor of plaintiff was returned by the jury in the sum of $750. The usual motion for a new trial was filed, heard and overruled.

The errors relied upon and presented in oral argument to this court by counsel for plaintiff in error are as follows:

First. That the trial judge erred in his charge to the jury.

Second. That the verdict is excessive.

Third. That the verdict is against the weight of the evidence.

We have made a careful examination of the record and have considered all of the claims of alleged error referred to in oral argument; also all of the errors claimed by plaintiff in error, as set forth in the brief of its counsel.

Coming now to the first alleged error we will say that we have read the charge of the trial judge with much care. It is claimed that the court erred in charging as follows:

OHIO APPELLATE REPORTS.    41

App.]      Mansfield Pub. Util. & Serv. Co. v. Wolfe.

"But if after the car came to a stop the plaintiff proceeded to leave said car and while it was stopped about to alight therefrom, and the car was then moved forward and such movement precipitated her off the steps of the car, then she would not be chargeable with negligence in attempting to alight therefrom."

One of the conceded facts in this case is that the car in which the plaintiff was riding came to a full stop, that the conductor alighted therefrom and went to the railroad crossing and while there motioned the motorman of the street car to proceed, that after the conductor left the car the plaintiff followed him and started down the steps to alight therefrom, that while attempting to do so the conductor, who was several feet in front of the car in question, signaled the motorman of said car to move forward, and that just at that moment plaintiff was thrown to the pavement.

It is urged by counsel for plaintiff in error that said charge is erroneous, because it required too high a degree of care upon the part of the conductor, and that it eliminated entirely any knowledge of the conductor as to the wishes of the passenger to alight.

We think this question has been fully settled by a rule laid down in Thompson on Negligence, Sections 3519 and 3520, which read in part:

"It is the duty of the conductor, before starting the car, to see and know that no passenger is in the act of alighting or is otherwise in a position which would be rendered perilous by the starting of the car.

"The high degree of care which the law puts upon the carriers of passengers is not fulfilled in the case of a street railway carrier, unless its servants, before putting a car in motion, *see and know* that all passengers in the act of alighting have succeeded in doing so in safety, and that no passenger is in such a situation as to be put in peril by the starting of the car."

Applying this rule of law to the conceded facts in this case, we feel that the trial judge committed no error in charging the jury as he did. We might further add that we are of the opinion that the charge as a whole was clear and covered every question involved in the instant case, and we find no error in this regard.

As to the second ground of error, that the verdict is excessive, we will say that in view of all the facts in the case, which were passed upon by the jury, and there being nothing in the record that indicates that the same was rendered from prejudice or passion on the part of the jury, we will not disturb the verdict upon the claim that it is excessive.

As to the third ground of alleged error, that the verdict is manifestly against the weight of the evidence, we are bound to find and do find that this claim is not well taken.

It therefore follows from the observations already made that this court will not disturb the verdict of the jury, and the judgment entered thereon must stand.

*Judgment affirmed.*

POWELL and FARR (of the Seventh Appellate District, sitting in place of SHIELDS, J.), JJ., concur.